UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE INDEPENDENCE PROJECT, INC., a New Jersey Non-Profit Corporation, and JOHN MEGGS, an Individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DRURY HOTELS COMPANY, LLC, a Nevada Limited Liability Company,<br><br>Defendant. | Case No.  4:19-cv-00374 |

## COMPLAINT

Plaintiffs, THE INDEPENDENCE PROJECT, INC., a New Jersey Non-Profit Corporation, and JOHN MEGGS, an Individual, on their behalf and on behalf of all other mobility impaired individuals similarly situated ("Plaintiff" or "Plaintiffs"), hereby sue the Defendant, DRURY HOTELS COMPANY, LLC, a Nevada Limited Liability Company ("Defendant"), for injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*

### COUNT I
### VIOLATION OF TITLE III OF THE
### AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, *et seq.*

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

2. Venue is properly located in this Court; Eastern District of Missouri, Eastern Division pursuant to 28 U.S.C. §1391(b) and E.D. Mo. L.R. 3 - 2.07.  Venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

1

3. All events giving rise to this lawsuit occurred in the Eastern District of Missouri, within the boundaries of the City of Saint Louis, County of Saint Louis, State of Missouri.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*  See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff, JOHN MEGGS, is an individual residing at 1128 Maynard Drive, Duarte, California, 91010, in the County of Los Angeles.

6. Plaintiff, THE INDEPENDENCE PROJECT, INC., is a nonprofit corporation formed under the laws of the State of New Jersey.  THE INDEPENDENCE PROJECT, INC. maintains is principal office at 1002 Central Ave, New Providence, New Jersey 07947, in the County of Union.

7. The Defendant's property, also known as Pear Tree Inn St. Louis Near Union Station ("Pear Tree"), is located at 2211 Market Street, Saint Louis, Missouri 63103 ("Subject Property").

8. Defendant, DRURY HOTELS COMPANY, LLC, holds title to the subject property or operates a business located at the subject property alleged by the Plaintiffs to be operating in violation of Title III of the ADA.

9. Plaintiff, JOHN MEGGS is a California resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Mr. Meggs is a paraplegic as the result of a spinal cord injury and requires a wheelchair for mobility at all times.

10. Plaintiff operates a business incorporated in the State of Missouri with its registered business address and his business partners' home address both being 2236 Renault Drive, Apartment C, St. Louis, Missouri 63146.

11. Plaintiff regularly visits St. Louis for pleasure and to conduct business; Mr. Meggs is

a dee-jay, internet radio host, podcast host and musical talent scout. Mr. Meggs regularly visits the St. Louis area to promote these endeavors and search for new musical talent by attending live musical events across the Greater Saint Louis area.

12. Mr. Meggs is an extensive traveler by air, bus, and train. Mr. Meggs makes several trips to the St. Louis area per year by air and train from Los Angeles. These trips last, on average, 2-3 weeks after which Mr. Meggs travels by bus or train to visit his extensive family in the Kansas City area before returning home to Los Angeles. At this time, Mr. Meggs has several visits to the St. Louis area scheduled for 2019. Mr. Meggs has scheduled trips upcoming in May, June, July, August and September of 2019, during which time he will stay at area hotels.

13. Plaintiff has visited the subject property that forms the basis of this lawsuit on multiple occasions with his last overnight stay occurring in December 2018. During his last visit to the St. Louis area, Mr. Meggs traveled by train from Los Angeles, CA and the Pear Tree's location near Union Station made this property an attractive place to lodge. Mr. Meggs currently has return reservations at the Pear Tree Inn St. Louis Near Union Station booked for the first week of September 2019, during which time he would like to avail himself of the goods and services offered to the public at the property.

14. Mr. Meggs has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety. The plaintiff is also a member of the plaintiff organization, THE INDEPENDENCE PROJECT, INC., discussed below in paragraph 15, and acts as a tester on their behalf to ensure the compliance of public accommodations under the Americans with Disabilities Act.

15. Plaintiff, THE INDEPENDENCE PROJECT, INC. is a nonprofit New Jersey corporation. Members of this organization include individuals, residing across the United States,

with disabilities as defined by the ADA. The purpose of this organization is to represent the interest of its members across the United States by assuring places of public accommodation are accessible to and usable by, the disabled and that its members are not discriminated against because of their disabilities.

16.     THE INDEPENDENCE PROJECT, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of Defendant's discrimination until Defendant has been compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. THE INDEPENDENCE PROJECT, INC. has also been discriminated against due to its association with its disabled members and their claims.

17.     Defendant, DRURY HOTELS COMPANY, LLC, owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Pear Tree Inn St. Louis Near Union Station and is located at 2211 Market Street, Saint Louis, Missouri 63103, in the County of Saint Louis.

18.     THE INDEPENDENCE PROJECT, INC. and JOHN MEGGS have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 20 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. JOHN MEGGS desires to visit the subject property, Pear Tree Inn St. Louis Near Union Station, not only to avail himself of the goods and services available at the property but to assure himself that subject property complies

with the ADA; so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

19.     Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the property, as prohibited by 42 U.S.C. § 12182 *et seq*.

20.     Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of subject property has shown that violations exist.  These are barriers to access and violation of the ADA that JOHN MEGGS personally encountered, including, but not limited to the following:

**Parking and Exterior Accessible Route**

a. Pear Tree fails to provide a safe, accessible route for those in wheelchairs at the Passenger Loading Zone, violating Section 503 of the 2010 ADA Standards. This condition, during multiple visits, prevented Mr. Meggs from unloading from his vehicle freely and safely at check-in.

b. Mr. Meggs, as a guest of the Pear Tree Inn, was affected by a lack of compliant van accessible access aisles which are necessary in order to unload from his vehicle. Further, an accessible route to curb ramps is not provided. These conditions violate Sections 402 and 502 of the 2010 ADA Standards.  Mr. Meggs requires adequate space to unload from his vehicle, the lack of access aisles forces him to park away from the building to prevent being blocked.

c. Curb ramps are not provided in all areas of the subject property. Those that are provided contain excessive slopes greater than 8.3% and abrupt changes of level greater than 0.25" violating

Sections 406 and 502 of the 2010 ADA Standards.  These conditions present a tipping hazard to Mr. Meggs and can cause damage to his wheelchair.

**d.**  Pear Tree fails to provide a safe accessible route to the adjacent street/sidewalk/bus stop, violating Section 206.2.1 of the 2010 ADA Standards.  Mr. Meggs could only leave the property using a personal vehicle, removing his option to use public transportation.

e.  Entering the hotel is impeded by slopes greater than 2.0%, a lack of latch side clearance, and abrupt changes of level greater than 0.25". Further, there are steps at many entrances throughout the subject property. The preceding conditions violate Sections 402 and 404 of the 2010 ADA Standards.  Mr. Meggs cannot enter the hotel independently due to this lack of accessibility.

**Access to Goods and Services**

f.  Pear Tree fails to provide desks with adequate knee clearance in the hotel lobby, violating Section 306 of the 2010 ADA Standards. Mr. Meggs was unable to use the desks because he could not comfortably approach.

g.  The check-in counter, lobby telephones and other elements throughout Pear Tree are mounted beyond the reach of Mr. Meggs; violating Section 308 of the 2010 ADA Standards. Due to their height Mr. Meggs was unable to access.

h.  Wheelchair accessible dining tables are not provided at Pear Tree nor at Syberg's (the dining establishment located within Pear Tree), violating Section 902 of the 2010 ADA Standards. Due to a lack of accessible tables Mr. Meggs is excluded from dining comfortably at the subject property.

i.  The interior accessible route is impeded by steps and an accessible route is not provided throughout the hotel, violating Section 402 of the 2010 Accessibility Standards.  Mr. Meggs was unable to travel unimpeded throughout the hotel.

**Hotel Guestrooms and Restrooms**

j. Restrooms provided in the lobby area and within the guestrooms, lobby area and Syberg's are improperly designed and are in violation of Section 601 of the 2010 ADA Standards. Mr. Meggs was unable to freely and safely use the restroom due to a lack of adequate maneuvering clearance, water closets with improper centerlines and lavatories that lack the required knee clearance. Improper centerlines affect the water closets' location in relation to the grab bars; when the centerline is incorrect transferring on and off the water closet to and from a wheelchair is difficult and potentially dangerous, as was the case for Mr. Meggs. Due to the lavatories lack of proper knee clearance Mr. Meggs was unable to approach the sink and, therefore, could not wash his hands before exiting the said restrooms.

k. Mr. Meggs was a guest in room 421 which was designated "accessible" by hotel staff. Mr. Meggs did not receive a roll-in shower, although one was requested. A tub was provided in this guest room but lacked proper accessible elements (including improper hand controls) violating Sections 607 and 608 of the 2010 ADA Standards. Mr. Meggs was unable to shower comfortably due to the lack of accessible elements.

l. The desk in Mr. Meggs' guestroom failed to provide him with adequate knee clearance in violation of Section 306 of the 2010 ADA Standards. Mr. Meggs was unable to approach the desk, rendering it useless for his needs.

m. Mr. Meggs was impeded by a lack of latch side clearance upon exit of his guestroom, violating Section 404 of the 2010 ADA Standards. Mr. Meggs operates a manual wheelchair; therefore, he requires assistance when the proper maneuvering clearances are not provided and, if left alone, would become trapped within the guestroom.

21. All of the foregoing violations are also violations of the 1991 American with

Disabilities Act Accessibility Guidelines ("ADAAG") and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

22. The discriminatory violations described in paragraph 20 are not an exhaustive list of the Defendant's ADA violations.  Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

23. The individual Plaintiff, the members of the Plaintiff group, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

24. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq.* and 28 CFR 36.302 *et seq.*  Furthermore, the Defendant continues to discriminate against the individual Plaintiff, the members of the plaintiff group and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied

services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

25.     Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between the Plaintiffs and the Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction.

26.     Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

28.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by the Plaintiffs or waived by the Defendant.

29.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant

Plaintiffs' request for Injunctive Relief, including an order to require the Defendant to alter the subject property to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the property until such time as the Defendant cures their violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant, at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: February 28, 2019 | /s/ Jon G Shadinger Jr. (70443MO) |
|  | Jon G. Shadinger Jr., Esq. (70443MO) |
|  | Shadinger Law, LLC |
|  | 100 S 4th Street, Suite 550 |
|  | St. Louis, MO 63102 |
|  | Tel. (314) 279-7416 |
|  | Fax (314) 898-0423 |
|  | js@shadingerlaw.com |
|  | *Attorney for Plaintiffs,* |
|  | *The Independence Project, Inc. and John Meggs* |

11